OF THE

## STATE OF WASHINGTON,

AT THE

## October Session, 1894.

---

[No. 1517. Decided November 6, 1894.]

HENRY HOWARD, *Appellant*, v. MRS. M. GEMMING ET AL, *Defendants*, F. K. PUGH, *Respondent*.

SHERIFFS—RIGHT TO FILE COST BILL—MORTGAGES—IMPAIRMENT BY SUBSEQUENT MORTGAGEE.

A sheriff is not authorized to file cost bills in any case; but where he has performed services and incurred expenditures at the instance of a litigant, he must look to such party for a recovery.

A subsequent mortgagee cannot impair the security of a prior mortgagee by creating liens upon the mortgaged property, and where costs are incurred in the foreclosure of the subsequent mortgage, their payment out of the property is subject to the complete satisfaction of the prior mortgage.

*Appeal from Superior Court, Spokane County.*

*Richardson & Gallagher* and *Herman D. Crow*, for appellant.

*Jones, Voorhees & Stephens* for respondent:

The opinion of the court was delivered by

DUNBAR, C. J.—The controversy between the plaintiff and defendant, Pugh, who is the sheriff of Spokane county, arose out of the following state of facts: Plaintiff was the

owner and holder of a chattel mortgage on a stock of goods which was then owned by defendants Chas. F. Helme and Libbie I. Everhart, partners as the Everhart Drug Company. Plaintiff's mortgage was duly recorded, and was past due. Defendants Charles F. Helme, Libbie I. Everhart and J. E. Everhart, subsequently borrowed money of the defendants William Helme and Mrs. M. Gemming, and gave their notes therefor. After said notes became due, the Everhart Drug Company, by Chas. F. Helme, Libbie I. Everhart and J. E. Everhart, joined in a mortgage to Mrs. M. Gemming and William Helme on the same property covered by plaintiff's mortgage, to secure the notes previously given by them mentioned above. On the 23d day of November, 1893, the defendants, the mortgagees in the second mortgage, caused the defendant F. K. Pugh, as sheriff of Spokane county, to take possession of the entire stock of goods under their said mortgage, for the purpose of foreclosing said mortgage, and defendant Pugh did take such possession and proceeded to foreclose said mortgage thereon. Plaintiff Howard then demanded of defendant Pugh that he turn the goods over to him that he might foreclose his mortgage thereon, which defendant Pugh refused to do. Thereupon plaintiff brought this action, had defendant Pugh enjoined from foreclosing under the second mortgage in favor of Helme and Gemming, and had the proceedings all transferred to the superior court. Pugh appeared in said action, but put in no answer or pleadings, and such proceedings were had that on the 30th day of December, 1893, the court entered the decree herein. Thereafter plaintiff caused execution to be regularly issued on said decree, and all of said property was sold to plaintiff thereunder for the amount due plaintiff under his mortgage, and costs of execution. While the defendant, as sheriff, was in possession of said property under and by virtue of the chattel mortgage in favor of Helme and Gemming, he incurred the expenses which are the matters in dispute on this appeal. After the sale of this property under Howard's execution, the defendant Pugh made application to the superior court to have the

original decree modified so that it should direct that the expenses incurred by the sheriff while in possession of the property under the mortgage in favor of Helme and Gemming be paid out of the proceeds of said sale. This application the court granted, and made an order to that effect, and thereupon the defendant Pugh filed his cost bill in said cause containing the items as they appear of record herein. Thereupon the plaintiff moved the court to retax said costs, which motion was sustained by the court, and plaintiff now prosecutes this appeal from the order modifying said decree and from the order retaxing the costs incurred by defendant Pugh under the Helme and Gemming mortgage in favor of defendant Pugh. An itemized statement of defendant Pugh's cost bill shows the amount to be $568.61.

Many questions are discussed by appellant in this case, notably the constitutionality of §§ 2973 and 3027 of the General Statutes. With the view we take of the law on other points raised by respondent it will not be necessary to discuss the constitutional question.

There is no provision in the law that we are aware of which authorizes a sheriff to file a cost bill in any case, but the law provides for the collection of the costs by the prevailing party. If the sheriff performed the services and incurred the expenditures mentioned in the cost bill, and if these were proper services and expenditures which under the law he was entitled to recover, he was entitled to recover them from the party who employed him to do the services, and authorized him to incur the expenditures. The law authorized the sheriff to collect all his fees in advance, and if he did not do so in this case Helme and Gemming simply owe him for such services and expenditures, the relation of debtor and creditor existing between them.

Again, it is a plain and undisputed proposition of law that a subsequent mortgagee cannot impair the security of the first mortgagee by creating liens upon the mortgaged property. See Jones, Chat. Mort., §§ 472 and 478; 1 Cobbey, Chat. Mort., § 464. It was held in *McGhee v. Edwards*, 87 Tenn. 506 (11 S. W. 316), that a recorded chattel mortgage on a

horse is superior to a subsequent lien of a livery stable keeper where the horse is placed in the stable after the making of the mortgage, without the knowledge of the mortgagee, though the stable keeper had no notice in fact of the mortgage.

There would be very little value or benefit to be obtained from a mortgage if a subsequent mortgagee were allowed to exhaust the property mortgaged in costs growing out of the sale of the property under the subsequent mortgage. If the second mortgage is taken subject to the first (which, of course, it must be), it must be held subject to it throughout, and can only get the benefit of the surplus arising from the sale of the property under the first mortgage; or, in other words, the first mortgage must be completely satisfied before any of the proceeds of the sale of the property can be applied on the subsequent mortgage.

The judgment will, therefore, be reversed, and the cause remanded with instructions to the court to reverse the order modifying the decree in the sheriff's favor, and to direct the sheriff's cost bill be stricken from the files.

STILES, SCOTT, ANDERS and HOYT, JJ., concur.