[No. 3554. Decided April 8, 1901.]

YESLER ESTATE, INCORPORATED, *Respondent*, v. ADAM ORTH, *Appellant*.

UNLAWFUL DETAINER — WHEN CAUSE OF ACTION ARISES.

Under Bal. Code, §5527, which provides that a tenant of real property is guilty of unlawful detainer, when he, having leased real property for an indefinite time, with monthly rent reserved, continues in possession thereof after the end of any such month, in cases where the landlord, more than twenty days prior to the end of such month, shall have served notice requiring him to quit the premises at the expiration of such month, an action of unlawful detainer will lie against a tenant from month to month, who continues in possession after the end of a month, when notice to quit had been given to him more than twenty days prior thereto.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Fred. H. Peterson*, for appellant.

*Struve, Allen, Hughes & McMicken*, for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action of unlawful detainer. The material allegations of the complaint are that on the 15th of October, 1898, plaintiff was, and at all times since

has been, the owner and entitled to the possession of certain described real property in Seattle; that at the date mentioned, and for some time prior thereto, the defendant, as the tenant of the prior owners of such property, was in possession of a portion thereof,—a certain store room; that about the 15th of October, 1898, it was orally agreed between plaintiff and defendant that defendant should continue in the use and occupancy of such store room from month to month as the tenant of plaintiff, at an agreed rental payable on the first day of each month in advance, and that defendant continued in the possession of the premises as the tenant of plaintiff at the agreed rental for the unexpired term of the month of October, 1898, and for each succeeding calendar month to and including the month of May, 1899; that defendant still continues in the possession thereof; that on the 8th of May, 1899, plaintiff served a notice in writing to the defendant, in substance as follows:

"You are notified to leave the described premises at the expiration of the present month of your tenancy, May 31, 1899, and that your tenancy will be and is hereby terminated at the expiration of said month of May, 1899."

It is averred that, upon the expiration of the said month of May, plaintiff demanded of defendant to quit and surrender possession of the premises to plaintiff, but defendant neglected and refused to quit or surrender. There is an allegation of damages sustained by the unlawful detainer by defendant. There was judgment for plaintiff. No bill of exceptions or statement of facts is in the record. The only question suggested by counsel for defendant is the sufficiency of the complaint; that is, it is urged that the complaint does not state facts sufficient to constitute a cause of action. The law governing actions for forcible detainer and unlawful de-

tainer is found in § 5527, Bal. Code, and following sections, and is controlling. The defendant, when he continued in possession after the end of the month of May, having been given notice to quit more than twenty days prior thereto, was guilty of unlawful detainer. The complaint states a cause of action, and the judgment is affirmed.

FULLERTON, DUNBAR, ANDERS and WHITE, JJ., concur.