[No. 13469.  Department One.  December 29, 1916.]

STILWELL BROTHERS, INCORPORATED, *Respondent*, v. UNION MACHINERY & SUPPLY COMPANY, *Appellant*.[1]

ACTIONS—JOINDER—CONTRACT AND TORT — ARISING OUT OF SAME TRANSACTION. Causes of action for the rental due on a leased pump, and for recovery of possession of the pump under the claim and delivery statutes, may be united in the same action, under Rem. Code, § 296, providing for the joinder of several causes of action when they arise out of the same transaction.

COSTS—ITEMS RECOVERABLE—PREMIUM ON BOND. A premium paid on a replevin bond furnished by plaintiff is recoverable as "costs and disbursements" in the action, under Rem. Code, § 6059-194, providing that in all actions the party entitled to recover costs may include such reasonable sum as may have been paid a surety company for executing or guaranteeing any bond, as may be allowed by the court.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 26, 1915, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Robert A. Eaton*, for appellant.

*Beeler & Sullivan*, for respondent.

CHADWICK, J.—Respondent leased a pump to appellant upon a rental charge of $25 per month, with an option to purchase. The agreed rental was paid for four months. Upon default, respondent brought this action under the claim and delivery statute to recover its property and the accumulated rent.

Appellant demurred to the complaint upon the ground that two causes of action, one in contract and the other sounding in tort, had been improperly joined, relying upon: *Willey v. Nichols*, 18 Wash. 528, 52 Pac. 237; *Clark v. Great Northern R. Co.*, 31 Wash. 658, 72 Pac. 477; *Sanders v. Stimson Mill Co.*, 34 Wash. 357, 75 Pac. 974. These cases, while sus-

[1] Reported in 161 Pac. 1048.

taining appellant's contention, have been overcome by the act of 1907, amending § 4942 of Ballinger's Code; Rem. Code, § 296, providing that several causes of action may be united when they arise out of the same transaction. Since the passage of the amendatory act, the court has had occasion to hold contrary to the contention of appellant in: *Harding v. Ostrander R. & Timber Co.*, 64 Wash. 224, 116 Pac. 635; *Littlefield v. Bowen*, 90 Wash. 286, 155 Pac. 1053. The action for rent due and for the recovery of the pump arise out of the same transaction, and the demurrer was properly overruled.

Respondent submitted, as an item of costs in the court below, a charge of $10 paid to a surety company as compensation for the replevin bond furnished by it. It is complained that this is an improper charge. There has been some difference of opinion among the courts whether an item of this kind was within the legal meaning of the words "costs and disbursements," but we think there can be no question under our present statute, Rem. Code, § 6059-194, which was given an interpretation in *Church v. Wilkeson-Tripp Co.*, 58 Wash. 262, 108 Pac. 596, 109 Pac. 113, 137 Am. St. 1059. It was there held that a premium on an appeal bond was a proper item to be taxed as costs, and that a proper construction of the statute mentioned required that we give meaning to the words:

". . . in all actions and proceedings, the party entitled to recover costs may include therein such reasonable sum as may have been paid such company for executing or guaranteeing any such bond or undertaking therein as may be allowed by the court or judge before whom the action or proceeding is pending."

thereby making a special provision for actions and proceedings and holding specifically that the statute was not limited, as there contended, to the recovery of premiums paid by receivers and others acting in a fiduciary relation.

We find in the record a motion to strike the statement of facts. No errors are assigned which require an examination of the testimony. It is therefore unnecessary for us to pass upon the motion.

We find no error. The judgment is affirmed.

MORRIS, C. J., HOLCOMB, and ELLIS, JJ., concur.