[No. 13776.   Department One.   April 12, 1917.]

HUTCHINSON INVESTMENT COMPANY, *Respondent*, v.
WOMANS EXCHANGE, *Appellant*, ALFRED W.
SEYMOUR *et al.*, *Defendants*.[1]

LANDLORD AND TENANT — UNLAWFUL DETAINER — NOTICE TO QUIT
—SERVICE—SUFFICIENCY.   Under Rem. Code, § 814, providing that
notice to quit in unlawful detainer may be served upon a corpora-
tion, in case no person in charge of its business can be found upon
the premises, by affixing a copy of the notice in a conspicuous place
on the premises and mailing a copy addressed to the corporation
at the place where the premises are situated, service in such a case
may be made by affixing a copy to the door of the premises and
mailing a copy, properly addressed, etc.

Appeal from a judgment of the superior court for King
county, Jackson, J., entered June 29, 1916, upon findings in
favor of the plaintiff, in an action for unlawful detainer, tried
to the court.   Affirmed.

*G. C. Israel*, for appellant.

*Arthur H. Hutchinson*, for respondent.

WEBSTER, J.—This is an action for an unlawful detainer,
brought by the W. B. Hutchinson Investment Company, a
corporation, against Alfred W. Seymour and Fanny M. Sey-
mour, his wife, and the Womans Exchange, a corporation of
which Fanny M. Seymour was president and business man-
ager.   The demised premises consisted of a flat on the third
floor of the Estabrook building, located at 211 Union street,
in the city of Seattle.   The court dismissed the action as
against Alfred W. Seymour and Fanny M. Seymour, but ren-
dered judgment against appellant, the Womans Exchange.

The only question for consideration is the sufficiency of the
service of the notice to surrender possession of the premises.
The court made the following finding, which appellant con-
cedes is correct:

[1]Reported in 164 Pac. 196.

"That Arthur H. Hutchinson tried to find some person at the residence of the said defendants at Flat One (1) on the third floor of the Estabrook Building, corner of Second avenue and Union street, Seattle, King county, Washington, and being unsuccessful, made service upon all of the occupants collectively and individually by affixing upon the separate doors two separate notices as above mentioned and by mailing a separate copy of the said notice directed to all these defendants, Alfred W. Seymour, Fanny M. Seymour and the Womans Exchange, a corporation, by placing three copies of the said notice in three separate envelopes, sealed and stamped with both a regular two cent stamp and also registered in three separate directed envelopes, one to Fanny M. Seymour and one to Alfred W. Seymour and one to the Womans Exchange, a corporation, addressed to 211 Union street, Seattle, King county, Washington, and deposited the same in the post office at Seattle on February 5th, 1916."

Rem. Code, § 814, provides:

"Service of any notice provided for in this act may be had upon a corporation by delivering a copy thereof to any officer, agent or person having charge of the business of such corporation, at the premises unlawfully held, and in case no such officer, agent or person can be found upon such premises, then service may be had by affixing a copy of such notice in a conspicuous place upon said premises and by sending a copy through the mail addressed to such corporation at the place where said premises are situated."

The service in this case was in strict compliance with the provisions of the statute and was clearly sufficient. *Smith v. Seattle Camp No. 69, W. O. W.*, 57 Wash. 556, 107 Pac. 372. Affirmed.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.