[No. 13906.  Department One.  April 13, 1917.]

VANASSE LAND COMPANY, INCORPORATED, *Appellant*, v.
HENRY HEWITT, JUNIOR, *et al.*, *Respondents.*[1]

VENDOR AND PURCHASER—CONTRACTS—PERFORMANCE OR BREACH—
FAILURE OF TITLE.  Where timber lands were apparently subject to
valid liens of a judgment, and after execution sale, defendants pur-
chased a one-half interest in the certificate of sale, subject to redemp-
tion, agreeing to pay therefor when title to the land was perfected
in them and to convey a one-half interest in the land to the vendor,
the subject-matter of the contract failed and ceased to exist when
the sheriff's deeds were vacated, without the fault of the defendants,
and the performance of the contract by the defendants is thereupon
excused.

SAME.  The defendants' intervening conveyance of the property
to a third person does not make them liable for the purchase price,
where the conveyance was made with the written consent of the
vendor, who had ample notice and opportunity to take part in litiga-
tion seeking to perfect the title, which failed.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered August 26, 1916, upon findings
in favor of the defendants, in an action on contract, tried to
the court.  Affirmed.

*W. F. Hays* and *Charles E. Claypool*, for appellant.

*T. L. Stiles* and *E. R. York*, for respondents.

PER CURIAM.—On November 19, 1908, W. F. Hays of Se-
attle and Henry Hewitt, Jr. entered into the following con-
tract:

"Tacoma, Wash., November 19, 1908.

"This memorandum, Witnesseth, That whereas W. F. Hays
of Seattle, Washington, has this day assigned all his right,
title, and interest to Henry Hewitt, Jr., in Certificates of
Purchase of certain timber lands sold by the sheriff of
Skagit county, and also by the sheriff of Whatcom county,
and also by the sheriff of King county, in pursuance of a
judgment in favor of the said Hays in the King county

[1]Reported in 164 Pac. 196.

court of June 13, 1908, in Cause No. 54037. In consideration for which, the said Hewitt has this day paid said Hays the full sum of Forty-seven thousand five hundred ($47,500) dollars, and in the event that the lands conveyed by said certificates be redeemed thereunder said certificates, then the said Hewitt is to pay said Hays the further sum of forty-two thousand five hundred ($42,500) dollars, but if said lands shall not be redeemed and the sheriff of said respective counties shall execute his deed for said lands, the said Hewitt hereby agrees to hold for the said Hays, an undivided one-half interest thereto and he shall then pay to said Hays, when title thereto shall have been perfected, the said sum of forty-two thousand five hundred ($42,500) dollars. Said Hays is to prosecute any suit, action, or defense that may be necessary in the premises, to finally vest title to said lands in the said Hewitt or the payment to him of the full amount of said judgment with its interest and costs. Said Hewitt in the event that he shall take title as aforesaid, to execute to said Hays or his assigns, a good and sufficient deed to the undivided one-half interest in said lands. In the event title to said lands finally vests in said Hewitt said Hewitt is to deed to said Hays one-half thereof and to pay the further sum of $42,500 this to be in full."

Although the contract recites the payment of $47,500 in money, only $2,500 was paid. In June, 1908, Hays attached certain property as the property of M. N. Richardson et al., and took a default judgment which, with interest and costs, aggregated about $87,000. There can be no question that, at the time the contract between Hays and Hewitt was entered into, both parties assumed that the judgment was a valid lien upon the lands which had been attached and which Hays had bid in at execution sale. The legal effect of the contract was that Hays, who did not deal in timber lands, sold the lands, subject to redemption, to Hewitt, who did deal in such property. After the time for redemption had passed, the sheriff executed deeds to Hewitt who, with the consent of Hays, conveyed the land to the Sumpter Lumber Company, an Oregon corporation. It afterwards being made to appear that the execution had been improvidently

issued because title to the land was not in the execution de-
fendants, it was vacated by the superior court.    Upon ap-
peal, this court sustained the order vacating the judgment.
*Hays v. Peavey*, 54 Wash. 78, 102 Pac. 889.

Hays thereafter conveyed to appellant all his interest in
the contract, and suit is brought against Hewitt to recover
the amount alleged to be due under the contract which, with
interest, is $127,800.

After a trial upon issues joined, judgment was rendered
in favor of defendants.    Appellant seeks to sustain a right
of recovery upon several grounds; but, stripped of verbiage
and detail, they all rest in the contentions that Hewitt got
all he ever contracted for, that is, sheriff's deeds to the prop-
erty, and that the vacation of the judgment upon which the
sales rested is no defense in law to an action on the contract;
that, if he was not satisfied with the "titles" evidenced by
the sheriff's deeds, he should have made the certificates, or
the sheriff's deeds, over to Hays so as to enable him to "per-
fect" the title instead of placing them on record as he did
and thereafter conveying the land to a third party, thus put-
ting it beyond the power of Hays to furnish a better title.

We think the trial court arrived at a correct conclusion.
The rights of the parties are to be measured by the contract.
It is in writing, and its intent is manifest.    The subject-mat-
ter of the contract was the sale and purchase of certain lands
against which there appeared to be a lien of a valid judg-
ment.    That title would fail, other than by redemption,
seems not to have occurred to either party.    Now, for causes
entirely beyond the control of Hewitt, causes chargeable to
Hays' omissions and oversights, if chargeable to anyone, the
title failed.    The subject-matter of the contract ceased to
exist, and Hewitt is not liable either to Hays or his assignee
unless it can be said that he is responsible for the failure of
the title.

Hewitt made the contract, conveyed the land to the Sump-
ter Lumber Company, and defended the title with the full

knowledge of Hays, if not with his consent and under his direction and advice. He cannot be held because he did not reconvey to Hays. He had paid $2,500 in money and had agreed to pay $92,500 more, if the title was perfected and, under certain conditions, to convey an undivided one-half of the lands to Hays. His interest was as material as was that of Hays. He cannot be charged as a delinquent because he did not reconvey such evidences of title as he had so that Hays could carry on the litigation attending this transaction in his own name. It does not appear that Hays' ever demanded that the certificates be reassigned to him or that Hewitt's title be made over. Nor does it appear that he ever appeared, or offered to appear, in his own behalf in any of the proceedings where the rights of the parties under the contract were involved. Nor is it made to appear wherein the title would have been made good in his hands while held bad in the hands of his assignee. Moreover, the complaint alleges that the title was put and, as between the parties, is now in a third party, all with the written consent of Hays, and for that reason, if for no other, the complaint does not state a cause of action.

Respondents did not buy *caveat emptor*. The subject-matter of the contract having failed, there is no object to which the doctrine of *caveat emptor* can apply. Hays sold nothing and Hewitt bought nothing. The one financed a hope. The other discounted the issue of a possible lawsuit. As it transpired and as it was held by this court, there was no title in Hays, either actually or in expectancy. The fund out of which the parties expected to reap a rich harvest having been exhausted, we know of no rule of law that could be applied to the facts in this case that will permit them to prey upon each other.

Appellant stands in the shoes of Hays and will take nothing.
Affirmed.