[No. 16316. Department One. June 10, 1921.]

## W. F. Hays, *Appellant,* v. Sumpter Lumber Company et al., *Respondents.*[1]

Continuance (4)—Pendency of Other Action—Issue not Dependent on Outcome. In an action for damages for failure to prosecute and pay the costs of an appeal from the Federal district court to the circuit court of appeals, it is proper to deny a continuance pending the outcome of litigation in the Federal court to quiet title to certain lands.

Appeal from an order of the superior court for Pierce county, Fletcher, J., entered March 1, 1920, dismissing an action on contract, after plaintiff's refusal to proceed when denied a continuance. Affirmed.

*W. F. Hays, in propria persona.*

*E. R. York* and *Peters & Powell,* for respondents.

Fullerton, J.—The appellant Hays instituted this action against the respondents, Sumpter Lumber Company, a corporation, and J. J. Hewitt, and Henry Hewitt as administrators of the estate of Henry Hewitt, Jr., deceased, to recover in the sum of $2,602,-500. The claim was based upon a contract entered into between the appellant and Henry Hewitt, Jr., whereby the appellant contracted to sell to Hewitt his interests in certain timber lands. At the time of the execution of the contract, the interests of the appellant in the lands were represented by sheriff's certificates of sales issued on the sales of the lands under execution. In the contract it was provided that Hewitt should pay to the appellant a certain fixed sum in the case the lands were redeemed from the sales by the judgment debtors, and should pay another fixed sum and deed to the appellant an undivided one-half interest in the land in

[1]Reported in 198 Pac. 723.

the case the sales should pass to deeds. The lands were not redeemed from the sales, and sheriff's deeds were subsequently executed to Hewitt. Hewitt thereafter, with the written consent of the appellant, conveyed the lands to the respondent Sumpter Lumber Company, although neither the payment nor the deed agreed to be made to Hays was made. The lands were at all times adversely claimed by a corporation known as the Sound Timber Company. This corporation held the legal title to the property at the time of the execution sales, and was neither a judgment debtor in, nor a party to, the action in which the judgment was entered on which the sales were had. With the matters in this condition, the respondent Sumpter Lumber Company began a suit in equity in the United States district court against the Sound Timber Company to quiet its title to the lands. The Sound Timber Company answered in the suit, in which it denied title in the plaintiff, averred title in itself, and prayed that its title be quieted as against the plaintiff. On a trial had on the merits, the Sound Timber Company prevailed, and the present appellant, who is an attorney at law and who represented the Sumpter Lumber Company in the suit, gave notice of appeal to the United States circuit court of appeals. Before the appeal was perfected, Henry Hewitt, Jr., died, and the Sumpter Lumber Company as well as the representatives of Henry Hewitt, Jr., refused to proceed further with the appeal. The present appellant thereupon had himself substituted as party appellant, and prosecuted the appeal on his own behalf and at his own cost. The appeal resulted in an affirmance of the decree of the district court. *Hays v. Sound Timber Co.,* 261 Fed. 571.

To charge the respondents in the present action, the appellant alleged that Henry Hewitt, Jr., was the presi-

dent of the Sumpter Lumber Company, and as such caused the suit to quiet title to be instituted, and promised on behalf of himself and on behalf of that company to advance the costs necessary for the prosecution of the appeal; and further alleged:

"That plaintiff as attorney for the said Sumpter Lumber Company, about the time of said appointment of said defendants as such administrators, duly applied to them to take and prosecute the required appeal to the Circuit Court of Appeals aforesaid from the said decree of April 29th, 1918, both in their capacity as administrators of said estate, and as the successors in interest of the said Henry Hewitt, Jr., to the said Sumpter Lumber Company, but said defendants neglected and did not take any step toward the prosecution of said appeal, but thereafter and without the knowledge or consent of this plaintiff and for the purpose of defrauding, cheating and swindling this plaintiff out of all his rights and interests in and to said lands, fraudulently conspired and confederated with the defendants the said Sound Timber Company, its officers, agents and attorneys, for the purpose of preventing an appeal to be taken from said decree of April 29th, 1918, and as a part of said conspiracy and fraud wrongfully equipped the defendant, the Sound Timber Company, its officers, agents, attorneys and servants with affidavits and papers in substance declaring it to be the purpose of said Sumpter Lumber Company and its said officers and successors in interest, not to appeal from said order of April 29th, 1918, and to enable the said Sound Timber Company and themselves to wrongfully and fraudulently defeat this plaintiff both in his capacity as the attorney for the said Sumpter Lumber Company in making and perfecting said appeal, and in his own individual capacity as the beneficial owner in and to all the interest of said lands in pursuance of said contract of sale of November 19th, 1908, by which the said defendants in pursuance of said conspiracy have so interfered with this plaintiff in the prosecution of said appeal, both as said attorney and in his individual capacity aforesaid, in-

volving an unnecessary and additional cost and expense
to him in and about the premises of at least ten
thousand ($10,000) dollars and by which the said
Hays has been required to advance out of his own
means all of the expenses in the preparation of records,
transcripts and expenses necessary in the premises
in the sum of at least five thousand ($5,000) dollars, all
of which the said Henry Hewitt, Jr., by the terms of
his agreement with this plaintiff was to have paid and
advanced out of his own funds.

"That by the terms of said contract of November
19th, 1908, the said Henry Hewitt, Jr., was to pay
plaintiff for an undivided one-half interest in the lands
covered by said sheriff's certificates to the said Hays,
at the time of the 'vesting' of title under said cer-
tificates in the said Henry Hewitt, Jr., in the sum of
ninety thousand ($90,000) dollars less two thousand
five hundred ($2,500) dollars which was paid down at
the time of making said purchase and obtaining the
assignment of said certificates to him.

"That said title thereafter duly vested in the said
Henry Hewitt, according to the terms of said writing,
by virtue of the sheriff's deeds thereunder, and the
failure and refusal of said Henry Hewitt, Jr., as the
president of said corporation and his successors in
interest and the said corporation itself, and the said
heirs of the said Henry Hewitt, Jr., and each of them,
to duly prosecute an appeal from the decree afore-
said, all in violation of the terms of said agreement of
November 19, 1908, by which plaintiff has been made
to lose the undivided one-half interest in and to all of
said lands and may yet be forced to lose it, also the
title thereto so to be given, to this plaintiff, to said
lands, of the reasonable value of two million five hun-
dred thousand ($2,500,000) dollars, also the further
sum of eighty-seven thousand five hundred ($87,500)
dollars, aforesaid, all of which the defendants and
each of them well knew would flow as a consequence
of their said acts."

The respondents put in issue the allegations of the
complaint, and thereafter noted the cause for trial.

At the time the cause was called for trial, the appellant moved for a continuance. On this motion the statement of facts shows the following:

"Be it remembered that on the 25th day of February, 1920, the case of W. F. Hays, plaintiff, versus the Sumpter Lumber Co., and the Henry Hewitt estate was duly called for trial before the Honorable John D. Fletcher, one of the judges of said court, presiding in department No. 3, plaintiff appearing in person and the defendants being represented by their counsel, Messrs. Peters & Powell, and E. R. York, Esq., and the oral application of the plaintiff for a continuance of the case being made upon the ground: first, that the subject matter of this action out of which this action has grown is now pending in the United States circuit court of appeals with notice to said court of the purpose and intention of suing out a writ of certiorari from a judgment entered in that court, to the Supreme Court of the United States directing the circuit court of appeals to transmit the record in said case for a final hearing of said case upon merits.

"That upon further representation to the court that a final determination in the United States supreme court in favor of the appellant would determine the rights of the plaintiff in this case in so far as his claim goes to the money judgment sought herein and would give to the defendant in this suit an interest of one-half the entire lands involved in that suit if judgment is favorable under the decision of the supreme court,— the purpose of said suit being to quiet title to some 25,000 acres of timber lands, which was the subject matter of the contract sued upon in this action.

"That suit being undetermined by the United States supreme court, it is impossible for this court to proceed with the trial of this case upon the merits, and grant full and complete relief to the plaintiff and to the defendant, and that a trial at this time would be premature and ineffectual for any purpose.

"The subject matter of the litigation being the title to said timber lands, if determined in said court fav-

orably to the petitioner and appellant, then his rights now sought in this action will have been satisfied and adjudicated and this action would be at an end in so far as such incidental expenses or costs as might be incurred by a natural appellant or litigant in the case were concerned. This is in view of the necessary substitution in said Sumpter Lumber Co. case of this plaintiff in the present action.

"The said case in the United States circuit court of appeals being entitled: United States circuit court of appeals, for the ninth circuit. W. F. Hays substituted as appellant for Sumpter Lumber Co., a corporation, pursuant to order entered April 8, 1919, appellant, versus Sound Timber Co., a corporation, appellee. Upon appeal from the United States district court for Washington.

"That upon these facts being stated, the court found that the application for continuance of this present action is without merit, and is denied.

"To which denial the plaintiff then and there excepted, and exception was allowed by the court. The Court: Let the record show that the above statement is taken in lieu of an affidavit, such proceedings being consented to by the attorneys for the defendant. You may proceed with the trial on the merits. Mr. Hays: The plaintiff refuses to proceed or submit further to the jurisdiction of this court, upon the ground that it is without jurisdiction of the subject matter and therefore any judgment it might render in this case would be void. The Court: On that statement let an order be entered dismissing the action. Mr. Hays: Your honor will allow exception. The Court: Exception allowed."

The appellant argues in support of his claim of error, that, while an emergency existed for instituting the action (the emergency being to avoid the short statute of limitations) no emergency existed for the immediate trial of the action; and, since a favorable decision by the supreme court of the United States on the writ of error will vest title to the lands mentioned in him

and render it unnecessary to litigate further many of the questions he here seeks to litigate, justice required that the cause be continued to await the outcome of the proceedings in that court, as to do so might save him from the burden and cost of litigating matters which a favorable decision would render it unnecessary to litigate. The reference is here to that part of the complaint which seeks to charge the respondents with the value of the lands in case it should finally be determined that they have been lost to the parties. But we are clear that no cause of action is stated in this regard. As we held in *Vanasse Land Co. v. Hewitt*, 95 Wash. 643, 164 Pac. 196, construing the very contract here relied upon, the subject-matter of the contract was the sale and purchase of land and no action would lie to recover the purchase price if the title to the land did not pass by the execution sale. It must follow that this action in no way hinges on the result of the proceedings in the United States supreme court. Whether the proceedings result favorably or unfavorably to the appellant, he is equally prohibited from recovering the value of the lands from the respondents. If the complaint states a cause of action at all, it states a cause of action because of the breach of the contract to prosecute and pay the costs of the appeal from the judgment of the district court to the court of appeals. But as this issue was in no way dependent on the outcome of the pending proceedings, it could have been tried at the time the defendant sought to try it as well as at any other time. There was therefore no showing authorizing a continuance, and it follows as of course that no error was committed by denying the application.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.