[No. 19610. Department One. April 2, 1926.]

# METROPOLITAN BUILDING COMPANY, *Respondent*, v. CURTIS STUDIO OF SEATTLE, *Appellant*.[1]

[1] LANDLORD AND TENANT (127)—UNLAWFUL DETAINER—RIGHT OF ACTION—AGAINST TENANT OF ROOM. Unlawful detainer, under Rem. Comp Stat. § 812, lies to recover possession of a room sublet to a holding-over tenant in a building, leased by the plaintiff; in view of § 814, providing that the unlawful occupants renting rooms in a building shall not be regarded as sub-tenants of the persons entitled to possession, and providing for service of notice in such a case.

[2] SAME (127)—RIGHT OF ACTION—TEMPORARY BUILDING ON LEASED LAND. The fact that a leased building is a temporary structure which must be removed from the premises within a certain time, does not constitute the same personal property as between the lessee and his subtenants, so as to preclude an action of unlawful detainer by the lessee against his sub-tenants.

[3] SAME (11, 34)—LEASES—WAIVER OF DEFECTS OR OBJECTIONS—TERMINATION OF TERM LEASE—NOTICES. Long acquiescence in an unacknowledged lease for a term of years is sufficient to work an estoppel to assert that it created a tenancy from month to month, which could not be terminated by a three months' notice given pursuant to the provisions of a clause in the lease.

[4] CORPORATIONS (153)—CORPORATE POWERS—REPRESENTATION BY OFFICERS. Defendant, in an action of unlawful detainer by a corporation, can not question the authority of the general manager of the plaintiff to give notice terminating the tenancy, when its board of trustees decided to end the tenancy and left the details to the general manager.

[5] APPEAL (449)—HARMLESS ERROR—ADMISSION OF EVIDENCE. Error cannot be assigned on the admission in evidence of a non-essential notice in unlawful detainer.

[6] LANDLORD AND TENANT (148)—TRIAL—VERDICT—FORM. A verdict in unlawful detainer, finding for the plaintiff in a certain sum, is sufficient, under Rem. Comp. Stat. § 827, which does not require any particular form; since it clearly indicates the party in whose favor the jury found.

[1]Reported in 244 Pac. 680.

[7] COSTS (33)—NATURE AND AMOUNT OF ITEMS—EXPENSES—BONDS. In unlawful detainer, the plaintiff is entitled, under Rem. Comp. Stat. § 482, to tax as costs the amount paid for a bond on the issuance of a writ of restitution; and under §§ 7246, 7247, the amount paid to the sheriff for expenses incurred in executing the writ.

[8] SAME (57)—RETAXATION—ITEMS NOT INCLUDED IN BILL. The costs allowed plaintiff, on retaxing the same by the court at the instance of defendant, cannot be objected to because the plaintiff's cost bill in the first instance did not itemize all the expenses, as required by Rem. Comp. Stat. § 482, and did not include all the items finally allowed.

Appeal from a judgment of the superior court for King county, Blake, J., entered December 1, 1924, upon the verdict of a jury in favor of plaintiff, in an action of unlawful detainer. Affirmed.

*John G. Barnes,* for appellant.

*Kerr, McCord & Ivey* and *W. Z. Kerr,* for respondent.

FULLERTON, J.—This is an action of unlawful detainer. On January 27, 1917, the respondent, Metropolitan Building Company, being then the owner of a building in the city of Seattle, situated on a tract of land called in the record the University Tract, leased a room therein to one E. S. Curtis, the predecessor in interest of the appellant, Curtis Studio of Seattle, authorizing the lessee to fit up the room and use it as a photographic studio. The duration of the lease depended on the time of the happening of certain events, but these, when they happened, fixed its termination as of January 10, 1925. The lease, however, contained the following condition:

"It is understood and agreed that, if the Metropolitan Building Company decides to move the Exhibition Building, said company will give the said E. S. Curtis as much notice as possible, in no case less than three

months' written notice to that effect. After giving such notice no rent shall be charged lessee. In the event the Metropolitan Building Company decides to remove said Exhibition Building, it will use its best endeavors to provide a satisfactory studio upon the University Tract for the said E. S. Curtis."

The building, described as the "Exhibition Building" in the foregoing excerpt, was a structure erected on a tract of land which the respondent held on a long-term lease from the regents of the University of Washington. It was a temporary structure, and, by the terms of the agreement under which it was erected, had to be removed from the land by a definitely named time. Shortly prior to October 23, 1923, the respondent decided to move the building of which the leased room was a part, and erect in its place a permanent building, which it was required to erect by the terms of the lease under which it held the land from the University of Washington. On the date last named, it served a written notice on the appellant to that effect, notifying it to quit and surrender the premises on or before midnight of January 31, 1924, and notifying it further that no rent would be charged to it after October 31, 1923. The appellant disregarded the notice, and continued in possesion of the premises until after the end of the period prescribed therein. The respondent thereupon served upon it the three-day notice to quit, prescribed by the forcible entry and detainer act. On its disregard of this notice the respondent brought the present action. At the time of its institution, the respondent sued out a writ of restitution, under which the appellant was ousted from the premises. Issue was thereafter joined on the allegations of the complaint, and a trial had before a jury, which resulted in a judgment for the restitution of the premises and for damages for their wrongful withholding.

The assignments of error are somewhat large in number, but they can be grouped under more general heads than the appellant has placed them, and in this manner we shall notice them.

[1] The first is, that the statutory action of unlawful detainer will not lie to recover the possession of property such as that involved in the present controversy. It is argued that, before such an action will lie, the conventional relation of landlord and tenant must exist between the parties, and that such a relation is not created by the lease of a room in a building, where such room is, as it is in this instance, only the part of a building, as such a lease does not pass any interest in the land on which the building stands. But the action is statutory, and we think a study of the forcible entry and detainer act will show that the legislature did not put this narrow interpretation upon it. It provides (Rem. Comp. Stat., § 810) that any person is guilty of forcible entry who breaks open any window, doors, or other part of a house, and enters upon real property. It is provided (Ib. § 812) that he is guilty of unlawful detainer, if he holds the premises, or any part thereof, after the expiration of the term for which it is let to him.

It provides (Ib. § 814) that, where the unlawful occupant is renting rooms in a building on the premises, the lessees of the rooms shall not be regarded as sub-tenants of the person entitled to possession, and a manner is provided by which such lessees may be served with notice of the action. Nor did the legislature confine its language to the term "real property," or "lands," when indicating the character of property possession of which might be recovered under the act. It uses the terms "property," "premises," "demised premises," "premises unlawfully withheld," and other

terms equally general. Moreover, when the purposes of and necessities for the act are considered, it can hardly be believed that the legislature intended a limitation such as that thought here to apply. In every city, town and village in the state, buildings are erected for the sole purpose of furnishing to those whose trades, businesses and professions require only a limited space, a place to carry on their occupations, and the owners of these are in the most need of summary remedies to recover the space occupied on a breach of the conditions of the terms under which it is held, and we think it clear that these were in the legislative mind when the act under consideration was enacted.

It may be that this court has never had occasion to consider the direct question, yet from the earliest times we have applied the act in like situations to that here presented. It was applied in *Phillips v. Port Townsend Lodge, No. 6,* 8 Wash. 529, 36 Pac. 476, where the lease was for the upper story of a building; in *Yesler Estate v. Orth,* 24 Wash. 483, 64 Pac. 723, where the lease was for a store room—a portion of a building; in *Owens v. Swanton,* 25 Wash. 112, 64 Pac. 921, where the lease was for the three upper floors of a building; in *Teater v. King,* 35 Wash. 138, 76 Pac. 688, where the lease was for the main floor of a building; in *Newman v. Worthen,* 57 Wash. 467, 107 Pac. 188, where the lease was for a store room in a building; in *Hutchinson Inv. Co. v. Woman's Exchange,* 95 Wash. 605, 164 Pac. 196, where the lease was for a flat on the third floor of a building; in *Hutchinson Inv. Co. v. Van Nostern,* 99 Wash. 549, 170 Pac. 121, where the lease was for a basement room in a building; in *Armstrong v. Burkett,* 104 Wash. 476, 177 Pac. 333, 180 Pac. 873, where there was a sub-lease of a part of leased premises; in *Sheridan v. Doherty,* 106 Wash. 561, 181 Pac. 16, where there

was also a sub-lease of a part of leased premises; and in *Lake Union Realty Co. v. Woolfield,* 119 Wash. 331, 205 Pac. 14, where the lease was for a store room in a building. The foregoing by no means exhaust the list, but they indicate a uniform application of the statute to leases such as the one here in question. To follow the appellant would be to hold that each of them was wrongfully determined; a conclusion we would hesitate to reach, were we convinced of the merits of the contention, since it would disturb a principle which the business world has a right to regard as settled.

[2] Another contention in this connection is that the building of which the leased room is a part is of itself no part of the realty on which it is situated, and hence every part of it must be regarded as personal property. This contention is founded on the fact that the building is a temporary structure on leased ground which the owner is obligated to remove within a limited period. But we cannot think this fact affects the situation as between the appellant and its lessor. As between the immediate parties to the lease, the building is as much real property as it would be were it a permanent structure on the leased land. In entering into and in carrying out the terms of the lease the parties thereto must be held to have so regarded it, and each of them is estopped from asserting to the contrary.

[3] The lease, although in writing, was for a longer period than one year and was not acknowledged before a notary public, or other officer competent to take acknowledgments of leases. Because of this, it is contended that the lease did not create a tenancy with a fixed and determinate term, but created a tenancy from period to period as the rents were payable, in this instance a tenancy from month to month, and could not be terminated by a notice given in accordance with the

terms of the writing. But such a lease is voidable rather than void, and the parties thereto may by their acts waive their right to avoid it. *Matzger v. Arcade Building & Realty Co.,* 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288. As we have before stated, the lease was entered into on January 17, 1917. Possession was taken under the lease shortly after its execution, and the record shows that the parties have treated it as the measure of their rights ever since that time. While other matters could be cited sufficient to work an estoppel, this long acquiescence in the terms of the lease is alone sufficient for that purpose.

[4] It is next urged that there is no sufficient showing that the decision to remove the building, in which the leased room is a part, was the act of the respondent corporation. But, without detailing the evidence, enough appears to show that the board of trustees of the respondent determined to erect a permanent building in the place of the one in question, and left the preparatory details to the manager of the corporation, and it was he who directed the notice to be given. The appellant is hardly in a position to question the sufficiency of the corporation's acts in this regard, but conceding that it may do so, we see here nothing of which it may legitimately complain.

It is next urged that there is no sufficient proof that the respondent carried out that provision of· the lease which required it, in the case that it decided to remove the building, to use its best endeavors to provide for the appellant a satisfactory studio elsewhere upon the University tract. But the proofs are that it tendered to the appellant a number of situations, and met with rebuffs, rather than with cooperation on its part. But it is said that the tenders were not in good faith. This was a question for the jury, and that body determined the question against it.

**[5]** The court permitted the three-day notice to be introduced in evidence on the trial. Possibly, this notice was not a prerequisite to the respondent's right of action, but regarding it as nonessential, its admission was not error requiring a reversal.

**[6]** The verdict of the jury was in the following form:

"We, the jury in the above entitled cause, do find for the plaintiff in the sum of two hundred fifty and no/100 dollars ($250.00)."

It is urged that this is not a verdict on which a valid judgment can be entered for a restitution of the premises. The statute (Rem. Comp. Stat., § 827) provides:

"If upon the trial the verdict of the jury, or if the case be tried without a jury the finding of the court, be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises; . . . The jury, or the court if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due."

The statute, it will be seen, does not require the verdict to be in any particular form. It is enough, if the verdict clearly indicates the party in whose favor the jury find. The verdict here does not leave the matter in doubt. There was a finding in favor of the plaintiff in the action, with an assessment of the amount of its damages. This warranted the judgment entered.

**[7]** Prior to the issuance of the writ of restitution, sued out on the institution of the action, the respondent

was required by the court to execute to the defendant in the action and file in court a bond in the sum of $10,000. The respondent gave the bond with a surety company as surety, paying to the surety company a premium of $100. The sheriff, in the execution of the writ, incurred an expense of $151.05, over and above the fixed statutory fees allowed in such cases. The trial court allowed these items as a part of the respondent's costs, and the appellant contends that they were improperly so allowed. That the items were properly chargeable as costs under the statute, there would seem to be but little room for question. The first of the items is allowable under § 482 (Rem. Comp. Stat.), and the second, under §§ 7246, 7247 (Ib.) *Howard v. Gemming,* 10 Wash. 1, 38 Pac. 748; *Church v. Wilkeson-Tripp Co.,* 58 Wash. 262, 108 Pac. 596, 109 Pac. 113, 137 Am. St. 1059; *Stilwell Bros. v. Union Machinery & Supply Co.,* 94 Wash. 61, 161 Pac. 1048.

[8] But the appellant contends that the items are not taxable, because not presented in the manner required by the statute. The second of the items is properly a disbursement, and appears in the respondent's cost bill in a lump sum under the general head of "Sheriff's fees," whereas the code provides that "disbursements shall be stated in detail," (§ 482, *supra*); and the first was not included in the cost bill at all, but was brought in after the ten-day period allowed for filing cost bills (§ 482) by way of amendment to the bill at the time of the hearing of the appellant's motion to retax the costs. We cannot, however, conclude that the allowance made by the court requires correction. Since the items were properly taxable, and since they did not become conclusive until after the appellant had been given the opportunity to question the amounts of the several items which make up the total, it is in no way

injured by the neglect of the respondent to strictly follow the statute. The statute is in a degree directory. Its purpose is to prevent the overtaxation of costs, not to deprive a litigant of costs to which he is justly entitled, and when its purposes have been accomplished, merely technical objections should not be allowed to prevail.

Our conclusions require an affirmance of the judgment. It is so ordered.

TOLMAN, C. J., MACKINTOSH, MAIN, and HOLCOMB, JJ., concur.