491 P.2d 160

**CHRYSLER CREDIT CORPORATION,**
Plaintiff-Appellee,

v.

**BEAGLES CHRYSLER–PLYMOUTH et al.,**
Defendants-Appellants.

No. 9291.

Supreme Court of New Mexico.

Nov. 29, 1971.

Morris Stagner, Clovis, for defendants-appellants.

Rowley, Hammond, Murphy & Rowley, Richard F. Rowley, II, Clovis, Anderson, Edwards & Warnick, Lubbock, Tex., for plaintiff-appellee.

OPINION

McMANUS, Justice.

Appellee, hereinafter referred to as Chrysler Credit, instituted a suit in replevin against appellants, hereinafter referred to as Beagles, for recovery of certain motor vehicles in possession of Beagles under a "floor plan" financing arrangement with Chrysler Credit. Included in the complaint was a prayer for recovery on notes executed by Beagles, in addition to the replevin action. Certain vehicles were seized under the writ of replevin; other vehicles were not seized for the reason they had been sold to third parties by Beagles; also, other vehicles were in transit. The parties stipulated that the vehicles seized pursuant to the writ of replevin were subsequently sold and the proceeds applied to the indebtedness of Beagles. The trial was held before the court and judgment was granted against Beagles for a deficiency of $11,621.42, plus $165.05 "shrinkage" on 1971 model vehicles which had not been replevied because they had not reached Beagles' possession but were stopped in transit. In addition, the court granted appellee judgment for $36,646.71, being the amount claimed for vehicles disposed of by Beagles to third parties. In addition, accumulated interest, plus storage, was awarded, as well as attorney fees. The sum of the above, less $48.46 allowed as a set-off resulted in a judgment of $57,075.41. Chrysler Credit presented a cost bill which included a bond premium for a replevin bond in the amount of $3,674.00. The court also awarded this amount over the objection of Beagles.

Beagles' claim that the trial court erred and was without jurisdiction to enter judgment assessing damages in favor of Chrysler Credit in excess of that permitted in §

22–17–1, N.M.S.A. (1953 Comp.). The section referred to reads as follows:

"Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof."

We have no quarrel with the above statute or its contents. A reading of Chrysler Credit's complaint shows that their claim, in addition to replevin of vehicles in Beagles' possession, also prays for payments due under promissory notes covering vehicles sold to third persons and not under the control or possession of Beagles. Chrysler Credit also claims moneys due from Beagles as regards vehicles in transit and not yet received by Beagles. Beagles' answer was in the nature of a general denial.

The matters referred to above were not called to the attention of the trial court and were brought up for the first time on this appeal. See Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968), wherein the matter not brought to the attention of the trial court cannot be raised for the first time on appeal. Concerning jurisdiction, all parties in their respective findings conceded that the court had jurisdiction of the matters before it.

The only statutory authority in New Mexico dealing with costs of bonds is § 28–1–3, N.M.S.A. (1953 Comp.). This section makes no specific reference to replevin bonds. The replevin section makes no reference to costs. Notwithstanding, the costs were properly allowed since § 28–1–3, supra, is general enough to include replevin bonds. The applicable language is:

"* * * [I]n all actions and proceedings a party entitled to recover costs therein shall be allowed and may tax and recover such sum paid such a company for executing any bond, recognizance, undertaking, stipulation or other obligation therein * * *, during each year the same has been in force."

In a very early Washington case, Stilwell Bros., Inc. v. Union Machinery & Supply Co., 94 Wash. 61, 161 P. 1048 (1916), the court, in interpreting a similar statute, stated:

"* * * There has been some difference of opinion among the courts whether [the charge for a replevin bond] was within the legal meaning of the words 'costs and disbursements,' but we think there can be no question under our present statute * * *. It [has been] held that a premium on an appeal bond [is] a proper item to be taxed as costs, and that a proper construction of the statute mentioned [requires] that we give meaning to the words:

"'* * * In all actions and proceedings, the party entitled to recover costs may include therein such reasonable sum as may have been paid such company for executing or guaranteeing any such bond or undertaking therein as may be allowed by the court or judge before whom the action or proceeding is pending'

"—thereby making a special provision for actions and proceedings and holding specifically that the statute was not limited, as there contended, to the recovery of premiums paid by receivers and others acting in a fiduciary relation."

See also Metropolitan Bldg. Co. v. Curtis Studio of Seattle, 138 Wash. 381, 244 P. 680 (1926).

The language in § 28–1–3 is substantially the same language as quoted by the court in Stilwell. Under the circumstances, the only conclusion that can be reached is that the New Mexico statute applies to replevin actions just as the Washington statute did in the cited case.

The section referred to above also specifies that the amount recoverable cannot exceed one per cent on the amount of the bond. Even though the judgment finally recovered was in the amount of $57,075.41, the amount of $3,674.00 awarded as the cost of the premium of the bond was not excessive. The original suit involved a sum

of approximately $400,000 and the initial bond was for that amount.

Finally, § 22–17–19, N.M.S.A. (1971 Pocket Supp.) states:

"The district court clerk shall docket the action in replevin and the cause *shall then proceed as in other civil actions.*" (Emphasis ours.)

In the instant cause, then, § 28–1–3, supra, is logically applicable.

The judgment of the trial court is affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.