This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LONNIE D. CLARK and**
**KARLA ROLEN CLARK,**

Plaintiffs-Appellants,

**v.**                                No. 32,507

**TERRY'S SERVICE CENTER,**

Defendant,

**and**

**AFFINITY ROAD AND TRAVEL**
**CLUB, INC.,**

Defendant-Appellant

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert Mitchell, District Judge**

Lonnie D. Clark
Karla Rolen Clark
Brownfield, TX

Pro Se Appellants

Donald C. Schutte
Tucumcari, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiffs-Appellants Lonnie D. Clark and Karla Rolen Clark (Plaintiffs) appeal from an order granting summary judgment to Defendant-Appellee Affinity Road and Travel Club, Inc. (Affinity). We issued a notice of proposed summary disposition, proposing to uphold the district court's determination. Plaintiffs have filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that the district court erred, we affirm.

Our analysis relative to the merits is set forth at length in the notice of proposed summary disposition. We will confine the present discussion to the various points raised in the memorandum in opposition.

First, Plaintiffs suggest that our reliance upon *Espinosa v. United of Omaha Life Ins. Co.*, 2006-NMCA-075, ¶ 26, 139 N.M. 691, 137 P.3d 631, is misplaced, because this is not an insurance dispute. [MIO 2] However, the pertinent portion of the *Espinosa* decision deals with general principles of contract law, which are equally applicable outside the context of insurance litigation. *See Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶ 18, 123 N.M. 752, 945 P.2d 970 ("[I]nsurance contracts are construed by the same principles which govern the interpretation of all contracts." (internal quotation marks and citations omitted)).

Unambiguous contract language will be enforced as written. *See Espinosa*, 2006-NMCA-075, ¶ 26 ("When a contract or agreement is unambiguous, we interpret the meaning of the document and the intent of the parties according to the clear language of the document, and we enforce the contract or agreement as written."); *see also Montoya v. Villa Linda Mall, Ltd.,* 110 N.M. 128, 129, 793 P.2d 258, 259 (1990) ("It is black letter law that, absent an ambiguity, a court is bound to interpret and enforce a contract's clear language and cannot create a new agreement for the parties."). Accordingly, insofar as the applicable terms of the contract at issue in this case are clear and unambiguous, the district court did not err in enforcing them.

We further understand Plaintiffs to advance a new argument, contending that the contract terms should not have been enforced because they were contained in a document which altered previous terms, and because Plaintiffs were unaware of this material. [MIO 2-3] However, we have reviewed Plaintiffs' response to Affinity's motion for summary judgment, and find no indication that Plaintiffs raised this argument at that time. [RP 325-30, 342] At the hearing on the motion, when the district court explained that it needed a copy of the contract and that it was Plaintiffs' burden to supply this, Plaintiffs indicated that they lacked a copy and would therefore "live with" the documents supplied by Affinity. [RP 364-65] Plaintiffs indicated that Affinity sent new brochures on a yearly basis, [RP 364] but later, Plaintiffs indicated

that they "didn't see the brochure." [RP 367] The district court reasonably interpreted this statement as an indication that Plaintiffs had simply failed to read the brochure. [RP 367] Under the circumstances, neither the factual nor the legal basis for Plaintiffs' lack-of-notice argument was clearly presented below. Moreover, no ruling on this theory was requested or obtained. We therefore conclude that Plaintiffs' argument was not adequately preserved. *See generally Chrysler Credit Corp. v. Beagles Chrysler-Plymouth*, 83 N.M. 272, 273, 491 P.2d 160, 161 (1971) ("[A] matter not brought to the attention of the [district] court cannot be raised for the first time on appeal."); *Agua Fria Save The Open Space Ass'n v. Rowe*, 2011-NMCA-054, ¶ 27, 149 N.M. 812, 255 P.3d 390 ("To preserve a question for review, it must appear that a ruling or decision by the district court was fairly invoked." (alterations omitted) (internal quotation marks and citation omitted)).

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we remain unpersuaded that the district court erred. The award of summary judgment is therefore affirmed.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

4

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**M. MONICA ZAMORA, Judge**