This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40567

**21ST MORTGAGE CORPORATION,**

Plaintiff-Appellee,

v.

**RAYMOND R. ROMERO,**

Defendant-Appellant,

and

**DAWN M. ROMERO and NEW MEXICO
DEPARTMENT OF WORKFORCE
SOLUTIONS,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Court Judge**

Davis Miles McGuire Gardner, PLLC
Grace E. Jennings
Albuquerque, NM

for Appellee

Raymond R. Romero
Peñasco, NM

Pro Se Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** In this foreclosure action, Defendant appealed following the issuance of a corrected writ of replevin and the denial of a motion for reconsideration. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertions of error. We therefore affirm.

**{2}** Because we previously set forth the relevant background information, we will avoid undue reiteration here, and focus instead on the substantive aspects of the memorandum in opposition.

**{3}** Defendant continues to assert that the issuance of the corrected writ of replevin was improper. [Unnumbered MIO 1-2] However, he does not renew his original position, that discrepancies in the property description should be regarded as fatal deficiencies. We therefore adhere to our initial assessment, [CN 6-7] and reject that argument. Instead, Defendant now contends that the delay between the entry of the judgment in December 2019 and the issuance, service, and execution of the corrected writ of replevin in 2022 was prohibitive. [Unnumbered MIO 1-2] Because we find no indication that Defendant raised this specific argument below, we are hesitant to address it on appeal. *See Chrysler Credit Corp. v. Beagles Chrysler-Plymouth*, 1971-NMSC-112, ¶ 4, 83 N.M. 272, 491 P.2d 160 (observing in a debt collection action entailing replevin of goods that "matter[s] not brought to the attention of the trial court cannot be raised for the first time on appeal"). Nevertheless, we note that the authority upon which Defendant relies as support for his position, NMSA 1978, § 42-8-5(D) (1975), pertains to the contents of affidavits submitted in support of statutory replevin actions. This is a mortgage foreclosure action. [RP 1-8] Although the judgment specified that a writ of replevin would be deemed to have been issued and received upon confirmation of the special master's sale, [RP 74] that did not transform the foreclosure proceedings into a statutory replevin action. *Cf. Encino State Bank v. Tenorio*, 1922-NMSC-026, ¶¶ 26-29, 28 N.M. 65, 206 P. 698 (commenting on the "[i]rregularities and procedural anomalies" attending an action that was commenced upon the filing of both a complaint in foreclosure and an affidavit in the statutory form provided for replevin actions; explaining that such a combination appeared to be unprecedented and improper; and ultimately declining to treat the proceeding as a foreclosure action, where foreclosure procedures were not satisfied, but rather the requested writ of replevin had been issued and the only real benefit obtained was the recovery of the property under the replevin writ). In any event, to the extent that the judgment contemplated the constructive issuance of a writ of replevin to ensure transfer possession following sale of the mortgaged property, [RP 74] that effectively transpired within the one-year period contemplated by Section 42-8-5(D). [RP 68, 91, 96]

**{4}** In light of Defendant's subsequent failure to vacate the property as ordered, [RP 74] Plaintiff was compelled to undertake additional efforts to effectuate its entitlement to possession. We remain unpersuaded that those efforts were impermissibly delayed. *See* NMSA 1978, § 39-1-20 (1971) (authorizing execution on a judgment any time "within seven years after rendition or revival of the judgment"); *Crowell v. Kopp*, 1919-NMSC-065, ¶ 11, 26 N.M. 146, 189 P. 652 (observing that there is no statute of

limitations in this jurisdiction that is specifically applicable to the enforcement of decrees of foreclosure), *overruling recognized by*, *Abarca v. Henry L. Hanson, Inc.*, 1987-NMCA-068, ¶ 9, 106 N.M. 25, 738 P.2d 519 (noting that our New Mexico Supreme Court has overruled *Crowell* on other grounds). Plaintiff's pursuit of its rights in 2022, [RP 105] following the termination of the stay of consumer debt collection efforts during the coronavirus pandemic, does not render the issuance of the new and corrected writ improper, or the execution thereof untimely. *See* Supreme Court Order No. 20-8500-021 (effective June 5, 2020) (staying the issuance of writs of execution as they pertain to consumer debt collection cases); Supreme Court Order No. 21-8500-018 (issued August 2, 2021) (lifting the aforementioned stay in stages, and authorizing judgment creditors to file new applications for writs); *First Nat'l Bank of Santa Fe v. Sw. Yacht & Marine Supply Corp.*, 1984-NMSC-075, ¶¶ 7-8, 101 N.M. 431, 684 P.2d 517 (holding that corrections in replevin actions relate back).

**{5}**     Defendant also renews his effort to challenge the district court's confirmation of the special master's sale. [Unnumbered MIO 2] However, Defendant makes no attempt to address the jurisdictional concerns associated with his failure to pursue a timely appeal relative to the sale. Accordingly, for the reasons previously described in the notice of proposed summary disposition, [CN 3-5] we conclude that this matter is foreclosed.

**{6}**     Third and finally, Defendant seeks leave to amend the docketing statement to advance a challenge based upon an alleged "conflict of interest between the [s]pecial [m]aster and [c]ounsel for Plaintiff." [Unnumbered DS 3]  However, as previously stated, issues relative to the special master's sale of the subject property and the ensuing confirmation of that sale are not properly before us at this juncture. We therefore deny the motion to amend, on grounds that the issue is not viable*. See, e.g.*, *State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 ("[S]ince the issue [the d]efendant seeks to add to his docketing statement is not viable, the motion to amend is denied.").

**{7}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**